UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

360 VIANSA, LLC,                        No. 07-50206 (D.Nev.)

                    Debtor(s).
_____/

ANDREA A. WIRUM, Liquidating Trustee,

                    Plaintiff(s),

        v.                                   A.P. No. 08-1019

JOEL A. "JAKE" SHAPRIO, et al.,

                    Defendant(s).
_____/

First Memorandum on Motion for Summary Judgment
_____

     In 2005, Nevada corporation 360 Global Wine Company ("Global") purchased a small premium winery. It formed debtor 360 Viansa, LLC ("Viansa") to operate the winery as a wholly-owned subsidiary.

     In 2006, Global acquired the rights to purchase a tungsten mine. Needing cash, it used over $600,000.00 in Viansa funds set aside to pay for crushing and bottling the 2006 harvest. Global thereafter defaulted under the purchase agreement, lost its investment, and was unable to return

Viansa's funds. As a result, Viansa was seriously crippled and was unable to meet its obligations to growers and other creditors. Viansa and Global filed Chapter 11 petitions in Nevada. Plaintiff Andrea Wirum is the liquidating trustee appointed pursuant to a confirmed plan in the Viansa bankruptcy.

In 2008, Wirum commenced this adversary proceeding against the directors of Global, alleging they breached their fiduciary duties to Viansa by taking its operating capital in order to pay for the tungsten mine. The defendants tendered the defense to National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), who hired the law firm of Latham & Watkins.

Latham & Watkins obtained a stipulation to extend the time to answer. Wirum sent Latham & Watkins a demand letter outlining over $7 million in damages and offering to settle the case for $1.9 million, representing the policy limits less the deductible for defense costs. Neither National Union nor Latham & Watkins responded to the demand. Instead, National Union denied coverage and Latham & Watkins moved to withdraw as counsel for that reason. The motion was granted, and the directors were left to defend themselves *pro se.* Eventually, they entered into settlement agreements with Wirum which allowed their defaults to be entered and default judgments to be sought against them in return for assignment of their rights against National Union and covenants not to execute the judgments against them.

The court entered default judgments against the directors in the amount of $10,362,595.37. Wirum then filed a supplemental complaint against Nation Union alleging bad faith denial of coverage. Their cross-motions for summary judgment are now before the court.

There are three issues in this case: whether or not the National Union policy covered the acts of the directors, whether its denial of coverage was in bad faith, and whether National Union is entitled to dispute the amount of liability if coverage and bad faith are shown. Because trial is only six weeks away and the court's docket is very full, it elects to decide the issues one at a time in order to give the parties as much time as possible to prepare for trial if a trial proves necessary.

The easiest issue to decide is whether National Union may re-litigate the amount of liability or is bound by the amount of the default judgments. Even when there has been a covenant not to execute,

2

judgments taken by stipulation or default are not subject to attack by an insurer with knowledge of the proceedings unless the insurer comes forth with evidence to rebut the presumption that the judgment properly fixes the liability. *National Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 501 (9th Cir. 1997); *Pruyn v. Agricultural Ins. Co.,* 36 Cal.App.4th 500, 509 (1995).

National Union has produced nothing to rebut this presumption. It argues without evidence that there was "no negotiations, but rather a complete capitulation to the amount of the damages sought." However, neither lack of negotiations nor capitulation is enough to rebut the presumption. National Union has not come forth with any evidence of collusion or any other reason why the judgments should be disregarded.

National Union agues that one of the default judgments was in excess of a cap of $7 million set forth in the agreement with one of the directors. However, the court does not see how this is relevant. If National Union wrongfully denied the directors coverage, it cannot complain if one of them decided not to contest the default judgment for any reason. The default judgment is still entitled to presumptive validity, and National Union has not rebutted that presumption.

For the foregoing reasons, it shall be deemed without controversy in this case that if the directors were covered by the National Union policy for their acts and National Union denied coverage in bad faith then Wirum is entitled to judgment against National Union in the full amount of the default judgments against the directors. Counsel for Wirum shall submit an appropriate order. The court will issue separate memoranda on the remaining issues as soon as it can.

Dated: October 24, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge