UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

360 VIANSA, LLC,                                         No. 07-50206 (D.Nev.)

                              Debtor(s).
_____/

ANDREA A. WIRUM, Liquidating Trustee,

                               Plaintiff(s),

                      v.                                         A.P. No. 08-1019

JOEL A. "JAKE" SHAPRIO, et al.,

                               Defendant(s).
_____/

Second Memorandum on Motion for Summary Judgment
_____

      The court has outlined the facts in its prior memorandum. There is an additional fact which must be considered in determining if the directors were covered by the National Union insurance policy. Relying only on the original and since-amended complaint in this adversary proceeding, National Union alleges that the purchase of the tungsten mine was part of a "a series of complex business transactions" which rendered the debtor insolvent and that one of the transactions, the purchase of a granite and gravel quarry in Texas, occurred prior to the issuance of the National Union

1

policy.

Endorsement #12 to the policy[1] specifies that National Union is not liable under the policy for any wrongful act occurring prior to March 3, 2006. It also specifies that a loss arising out of the same or related wrongful act shall be deemed to arise from the first such same or related wrongful act. Again relying only on the original complaint, National Union alleges that the Texas quarry was purchased on June 27, 2005. From these facts alone, National Union argues that the purchase of the tungsten mine was related to the Texas quarry purchase so it is deemed to have arisen before the policy was in effect.

The court agrees with National Union that the pleadings of an adverse party are properly considered to be judicial admissions which should be considered in ruling on a motion for summary judgment. Brunet & Redish, **Summary Judgment Fed. L. & P.** (Third Ed.2006), § 8:5. However, the admissions in the original complaint at most create an ambiguity as to whether the purchase of the Texas quarry was a related wrongful act. If there is no further evidence on the issue and the trial is to be a bench trial, the court may summarily interpret an evaluate evidence in order to derive legal conclusions. Schwarzer, *The Analysis and Decisions of Summary Judgment Motions* (Federal Judicial Center 1991), p. 39. Before doing so the court must be sure that trial would add nothing to its ability to decide the case. Summary judgment is appropriate only when a complete factual development could not possibly alter the outcome and the credibility of the witnesses is not at issue. *Transworld Airlines v. American Coupon Exchange*, 913 F.2d 676, 684-85 (9th Cir. 1990).

The court is very close to granting summary judgment in favor of Wirum and against National Union. Insurance policy exclusions are strictly construed, while exceptions to exclusions are broadly construed in favor of the insured. An insurer cannot escape its basic duty to insure by means of an exclusionary clause that is unclear. Any exception to the performance of the basic underlying obligation must be so stated as clearly to apprise the insured of its effect; the burden rests upon the

---

[1] Erroneously referred to by National Union in its brief as Endorsement #8.

insurer to phrase exceptions and exclusions in clear and unmistakable language. The exclusionary clause must be conspicuous, plain and clear. This rule applies with particular force when the coverage portion of the insurance policy would lead an insured to reasonably expect coverage for the claim purportedly excluded. *E.M.M.I. Inc. v. Zurich American Ins. Co.*, 32 Cal.4th 465, 471, 84 P.3d 385, 389-90 (2004). If the court were sure no further evidence is forthcoming on what the policy means by "related," it would apply these basic principles of insurance contract interpretation to grant summary judgment in favor of Wirum. However, since a complete factual development might conceivably alter the outcome by showing that the Texas quarry and the tungsten mine acquisitions were related, no matter how "related" is interpreted, the court will refrain from further summary adjudication.

The court notes in passing that it declines to allow National Union to collaterally attack the default judgments in the guise of an evidentiary objection, and it rejects National Union's "indispensable party" argument for the same reasons as the court in *Brown v. American Intern. Group, Inc.*, 339 F.Supp2d 336, 342 (D.Mass.2004).

For the foregoing reasons, both Wirum's motion and National Union's countermotion for summary judgment will be denied, except for the partial adjudication set forth in this court's order of October 29, 2009.

Dated: November 2, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

4

Case: 08-01019   Doc# 97   Filed: 11/02/09   Entered: 11/02/09 16:30:36   Page 4 of 4